# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

HYDENTRA L.P. HLP GENERAL
PARTNER, INC., a foreign corporation, d/b/a
METART d/b/a SEXART;
HYDENTRA HLP INT. LIMITED, a foreign
corporation, d/b/a METART d/b/a SEXART;
and HYDENTRA LP, a foreign corporation,
d/b/a METART d/b/a SEXART,

    Plaintiffs,

v.

SIRACUSA MANAGEMENT S.A., a
Panamanian company, individually and d/b/a
VPORN.COM; ANTON TITOV, individually
and d/b/a VPORN.COM; IP TRANSIT, INC.;
and John Does 1-20,

    Defendants.

**Case No.
1:16-cv-20191-RNS**

### DEFENDANT IP TRANSIT, INC'S
### MOTION TO COMPEL PLAINTIFFS TO
### RESPOND TO DEFENDANT'S REQUESTS FOR PRODUCTION

Pursuant to F.R.C.P. 34 and 37, Defendant IP Transit, Inc. ("Defendant"), by and through its undersigned counsel, hereby moves for entry of an order compelling Plaintiffs Hydentra L.P. HLP General Partners, Inc., Hydentra HLP Int. Limited and Hydentra LP (each a "Plaintiff," or collectively "Plaintiffs"), to appropriately and fully answer Defendant's First Request for Production of Documents and Things to each of the Plaintiffs.  In support hereof, Defendant states as follows:

1.      On or about January 15, 2016, Plaintiffs filed suit against Defendant as well as Siracusa Management S.A. ("Siracusa") and Anton Titov ("Titov"), alleging copyright infringement, trademark infringement and violation of Florida's Unauthorized Publication of Name and Likeness statute, all stemming from files alleged to have been made available on a website owned and operated by Siracusa.  Defendant was alleged to be an internet service provider for Siracusa.  Titov was alleged to be an owner of Siracusa.  Both Siracusa and Titov are foreigners.

2.      Defendant filed an answer to the Complaint on February 9, 2016.  Plaintiffs have failed to serve the other defendants in this matter.

3.      On or about April 11, 2016, Defendant served upon Plaintiffs its First Request for Production of Documents and Things for each Plaintiff.  A copy of the requests to Hydentra L.P. HLP General Partners, Inc. is attached hereto as Exhibit 1; the requests to Hydentra HLP Int. Limited is attached hereto as Exhibit 3; and the requests to Hydentra LP is attached hereto as Exhibit 5.

4.      Plaintiffs failed to respond to the requests in a timely manner by May 11, 2016, as required by F.R.C.P. 34(b)(2)(A).

5.      On May 13, 2016, Plaintiffs served deficient responses to the requests.  A copy Hydentra L.P. HLP General Partners, Inc.'s response is attached hereto as Exhibit 2, Hydentra HLP Int. Limited's response is attached hereto as Exhibit 4 and Hydentra LP's response is attached hereto as Exhibit 5.

WHEREFORE, Defendant respectfully requests that this Court grant the instant Motion and enter an Order requiring Plaintiffs to provide full and complete responses to Defendant's requests as propounded on April 11, 2016.

<u>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**</u>

**I.      STANDARD OF LAW**

On or about January 15, 2016, Plaintiffs filed suit against Defendant as well as Siracusa Management S.A. ("Siracusa") and Anton Titov ("Titov"), alleging copyright infringement, trademark infringement and violation of Florida's Unauthorized Publication of Name and Likeness statute, all stemming from files alleged to have been made available on a website owned and operated by Siracusa. Both Siracusa and Titov are foreigners. Defendant was alleged to be an internet service provider for Siracusa and Titov an owner of Siracusa. Plaintiffs made no attempt in their Complaint to distinguish between the Defendants in their alleged actions and omissions. Furthermore, Plaintiffs' Complaint made no attempt to distinguish between the *Plaintiffs* by, at the very least, indicating which of the Plaintiffs own the intellectual property rights alleged to have been infringed upon. On its face, it appears that two of the Plaintiffs do not, in fact, own any copyrights or trademarks alleged to have been infringed upon.

Pursuant to Southern District of Florida Local Rule 26.1(I):

[M]otions to compel discovery … shall, for each separate interrogatory, question, request for production … state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession (e.g., specific request for production, objection, grounds for the objection, reasons to support motion; next request for production, objection, grounds for the objection, reasons to support motion; and so on) to enable the Court to rule separately on each individual item in the motion.

Defendant requires responses to its discovery requests regarding the following general subjects:

1.      Plaintiffs' relationship and communications with its purported "expert" witness, litigation consultant and investigator, Jason Tucker.

2.      The standing of each of the Plaintiffs, which rights of each Plaintiff is alleged to have been violated and the relationship between the Plaintiffs.

3.      Documents concerning the trademarks alleged to have been infringed and documents supporting the allegations of infringement of the trademarks.

4.      Communications between Plaintiffs and all of the Defendants.

5.      Documents related to Plaintiff's allegations that Defendants are not entitled to the protections of the Digital Millennium Copyright Act.

3

6.    Documents related to Plaintiff's cause of action for violation of Florida Statute 540.08.

As set forth below, Plaintiffs either baselessly object to producing documents related to many of the above subjects or promise to produce documents but did not actual produce any documents.  Most egregiously, by stating that they would be producing certain documents and then not doing so, Plaintiffs have robbed Defendant of the ability to make informed decisions about the responsiveness of the production and created unnecessary work for the Court and Defendant.

"The party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted … [with] '[t]he onus [] on the party resisting discovery to demonstrate specifically how the objected-to information is unnecessary, unreasonable or otherwise unduly burdensome.'"  Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 686 (S.D. Fla. 2010) (quoting Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., 2011 WL 34079319 (S.D. Fla. 2001)).  Given that Plaintiffs are the parties that initiated this action, as well as numerous other largely identical lawsuits in this district and around the country,[1] requiring them to produce responses directly related to their claims (as required under the rules) is the least that should be expected.

In numerous places, Plaintiffs object to the production of documents on the basis that the responsive documents constitute trade secrets of confidential information.  However, none of the documents constitute trade secrets and claims that documents constitute confidential information are not an appropriate basis to withhold production.  "To qualify as a trade secret, the information that the plaintiff seeks to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy."  Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F. Supp. 2d 1271, 1291 (S.D. Fla.). *See also* Adelman v. Boy Scouts of America, 275 F.R.D. 681, 692 (S.D. Fla. 2011) ("It is 'well settled that there is no absolute privilege for trade secrets or other confidential information.'" (quoting 8A Wright and Miller, Fed. Prac. & Proc. Civ. § 2043 (3d ed.)));  I.S.E.L., Inc. v.

---

[1] This court has already dismissed two other lawsuits by Plaintiffs.  *See* Hydentra HLP Int. Limited v. Constantin Luchian et al., Case No. 1:15-cv-22134-UU (S.D. Fla.) (Copyright and Florida state claims dismissed on summary judgment; Plaintiff voluntarily dismissed remaining trademark claims); Hydentra HLP Int. Limited v. Maximum Apps, Inc., Case No. 15-22463-Civ-Cooke-Torres (S.D. Fla.) (Complaint dismissed for lack of personal jurisdiction).

American Synthol, Inc., No. 08-780, 2009 WL 3367237, at *2 (M.D.Fla. Oct. 15, 2009) ("there is no absolute privilege that immunizes trade secrets and similar confidential information from discovery").  If Plaintiffs legitimately believed that the documents withheld constituted confidential information, Plaintiffs could have requested a protective order and Defendant would have agreed.

Finally, Plaintiffs did not produce documents in a form such that they could be reasonably matched to the request for production in accordance with Local Rule 26.1(e)(5).

## II.     PLAINTIFFS' RESPONSES ARE INCOMPLETE AT BEST

As is evidence from the attached exhibits, Defendant served each of the Plaintiffs with identical sets of requests for production and each of the Plaintiffs responded with identical responses.  Therefore, the following apply to each Plaintiff's responses:

**Request No. 1.**  All documents and things identified in Plaintiffs' Initial Rule 26(a)(1) Disclosures in this litigation.

Response:      Plaintiff's disclosures reference general categories of documents it deems relevant and offered solely in response to Plaintiff's Rule 26 disclosure obligations.  Defendant's document request seeking production of all documents as specifically referenced would result in the production of materials that may not be likely to lead to the discovery of admissible evidence, are overbroad, or that may be protected by the attorney client privilege or protected as work product. Without waiving this objection, Plaintiff will produce all responsive documents in its possession, custody or control that would not otherwise be excluded from production pursuant to an objection raised herein.

Grounds for Objection/Nonresponse:  Despite listing the documents itself which it found to be relevant to this case, Plaintiff claims that they were not all relevant and objects to them on other grounds as well, as set forth above.

Argument:  Even if Plaintiff's objections were to be taken in good faith (which is questionable), in its 26(a)(1) disclosures, Plaintiff listed the following classes of documents in its possession, custody and control, but produced ***no documents whatsoever*** that could be classified as being in those classes.  These documents are relevant and exist by Plaintiff's own admission and should be produced: (a) Proof of Trademark Ownership; (b) Email correspondence; (c) Site

information from Alexa.com, Complete.com, domaintools.com; and (d) Printout of meta tags and source code from Defendant web sites.

**Request No. 4.**        All documents exchanged by and between you and Jason Tucker from January 1, 2010 to the present.

      Response:        Plaintiff retained Jason Tucker as an investigator in this litigation. Plaintiff and Jason Tucker also communicate regarding other matters not the subject of this litigation. Defendant's request seeks discovery that is irrelevant to the case and would not lead to the discovery of admissible evidence. Additionally, the request is objectionable to the extent it seeks materials protected as trade secret or as commercially sensitive information. Without waiving this objection, Plaintiff will produce all responsive documents in its possession, custody or control that would not otherwise be excluded from production pursuant to an objection raised herein.

      Grounds for Objection/Nonresponse:  See above. Plaintiff claims that not all documents exchanged with Jason Tucker are relevant and therefore will not be produced, but relevant documents will be produced.

      Argument:        Despite promising to produce responsive documents, ***no documents were produced*** in response to this request.

**Request No. 5.**        All documents exchanged by and between you and any representative of Battleship Stance LLC from January 1, 2010 to the present.

      Response:        See Plaintiff's Response to Defendant's Request for Production No. 4. Jason Tucker is the owner of Battleship Stance LLC, and any objection regarding him applies to Battleship Stance, LLC as well.

      Grounds for Objection/Nonresponse:  See above.  Plaintiff claims that not all documents exchanged with Battleship Stance LLC are relevant and therefore will not be produced, but relevant documents will be produced.

      Argument:        Despite promising to produce responsive documents, ***no documents were produced*** in response to this request.

**Request No. 6.**        All documents constituting or relating to agreements between you and Jason Tucker and/or Battleship Stance LLC.

    <u>Response:</u>        See Plaintiff's Response to Defendant's Request for Production Nos. 4 and 5.

    <u>Grounds for Objection/Nonresponse:</u>  See above.  Plaintiff claims that not all agreements with Battleship Stance LLC and Jason Tucker are relevant and therefore will not be produced, but relevant documents will be produced.

    <u>Argument:</u>        Despite promising to produce responsive documents, ***no documents were produced*** in response to this request.

    In addition, Jason Tucker, the principle of Battleship Stance LLC, is Plaintiff's consultant and investigator in this litigation, apparently running the litigation on behalf of Plaintiffs and he is a material witness to this litigation.  Furthermore, Plaintiff has attempted to introduce Mr. Tucker as an expert witness of sorts in other lawsuits filed by Plaintiff.  Mr. Tucker's relationship with Plaintiff, including how he is getting paid in this litigation and what his responsibilities are in this litigation, are relevant to Mr. Tucker's credibility and bias and must be produced.

**Request No. 20.**        All documents evidencing payments from you to Jason Tucker and/or Battleship Stance LLC.

    <u>Response:</u>        Plaintiff retained Jason Tucker as an investigator in this litigation. Plaintiff and Jason Tucker also communicate regarding other matters not the subject of this litigation. Importantly, there is no timeframe in Defendant's request or limitation as to the particular subject matters of the request. Additionally, to the extent Defendant seeks information that goes beyond the scope of Jason Tucker's services in this case, Plaintiff would object as all other materials are protected as trade secrets or confidential commercial information.

    <u>Grounds for Objection/Nonresponse:</u> See above.

    <u>Argument:</u>        Jason Tucker, the principle of Battleship Stance LLC, is Plaintiff's consultant and investigator in this litigation, apparently running the litigation on behalf of Plaintiffs and he is a material witness to this litigation.  Furthermore, Plaintiff has attempted to introduce Mr. Tucker as an expert witness of sorts in other lawsuits filed by Plaintiff.  Mr.

Tucker's relationship with Plaintiff, including how and what he is getting paid in this litigation, are relevant to Mr. Tucker's credibility and bias and must be produced.

**Request No. 21.**     All communications between you and Jason Tucker and/or Battleship Stance LLC relating to or referencing Defendants, Defendants' business affiliates (including advertisers and advertising brokers), the vPorn Website or this litigation.

Response: Plaintiff retained Jason Tucker as an investigator in this litigation. Plaintiff and Jason Tucker also communicate regarding other matters not the subject of this litigation. Importantly, there is no timeframe in Defendant's request or limitation as to the particular subject matters of the request. Additionally, to the extent Defendant seeks information that goes beyond the scope of Jason Tucker's services in this case, Plaintiff would object as all other materials are protected as trade secrets or confidential commercial information.

Grounds for Objection/Nonresponse: See above.  Plaintiff objects to producing any documents in response to this request.

Argument:     *All* communications between Plaintiff and Jason Tucker/Battleship Stance relating to or referencing Defendants, their affiliates, the vPorn Website and this litigation are relevant to this matter, regardless of their time scope and regardless if they were purportedly "beyond the scope of Jason Tucker's services in this case."  There is absolutely no legitimate basis for failing to produce documents referencing Defendants, their affiliates, the website at litigation in this case and the litigation itself.

Moreover, this information could neither be reasonably considered a trade secret or confidential, and the same would not be a basis to deny production in any event.  *See* Standard of Law, *supra*.  Communications about Defendants cannot reasonably be considered trade secrets because there is no economic value derived by its secrecy.

**Request No. 28.**  All communications between you and Defendants.

Response:     Plaintiff objects, as this information is as available to Defendants as it is to Plaintiffs. Moreover, there is no timeframe provided and therefore the request is overbroad. Without waiving and subject to said objection see attached.

Grounds for Objection/Nonresponse:  See above.

8

Argument:     That Plaintiff alleges the documents are in the possession of Defendants, is not only false but irrelevant.  First, discussions between Plaintiff and the other defendants in this case would not be in the possession of IP Transit, Inc.  Second, even if they were, Defendant has the right to have those documents produced by Plaintiff so as to confirm whether Defendant actually has all the documents and whether Plaintiff will dispute what documents Defendant has in its possession.

In any case *no responsive documents were produced at all* other than DMCA notifications.  These documents must be produced.

**Request No. 29.**     All documents evidencing or referring to confusion, mistake or deception as to Defendants' affiliations, connection, or association with you, or as to the origin, sponsorship or approval of their goods or commercial activities.

Response:     See attached.

Grounds for Objection/Nonresponse:  None given.

Argument:     Despite stating that documents would be produced in response to this request, *no documents were produced*.  As one of the most important factors of the likelihood of confusion analysis to prove trademark infringement, responsive documents are integral to Plaintiffs' claims.

**Request No. 31.**     The trademark registration certificates for each of the Marks.

Response:     Plaintiff objects, as this information is as available to Defendants as it is to Plaintiff.  Without waiving this objection, see attached.

Grounds for Objection/Nonresponse:  See above.

Argument:     Claiming that the documents are equally available to Defendants is not a valid objection.  Defendants have the right to know exactly which documents Plaintiff will rely on.  In any case, despite stating that documents would be produced in response to this request, *no documents were produced*.

**Request No. 32.**     All documents relating to or referencing the registration of each of the Marks.

Response:        Plaintiffs object on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. Specifically, all documents referencing registration of the marks could include practically all papers. Additionally, Plaintiffs' internal communications concerning registration of trademarks is not essential to Defendant's later violation of those trademarks, and therefore is not relevant to any issue in this action. The request would also require the production of communications between Plaintiffs and their counsel regarding the registrations. Without waiving this objection, see attached.

Grounds for Objection/Nonresponse:  See above.

Argument:        First, despite stating that documents would be produced, ***no responsive documents were produced at all***.  Second, the documents requested documents are materially relevant to this litigation because there is a question as to the actual owner of the trademarks at issue.  In another case in this Court, Hydentra HLP Int. Limited v. Constantin Luchian et al., Case No. 1:15-cv-22134-UU, Hydentra HLP Int. Limited produced a document purporting to show the assignment of trademark rights from the registrant listed on the Patent and Trademark Office's records (Hydentra, L.P. HLP General Partner, Inc.) to Hydentra HLP Int. Limited. Documents regarding the registration of the trademarks are relevant and necessary to determine who is the proper owner of the trademarks.

Specifically, Defendant requests all documents filed with the Patent and Trademark Office regarding the registration of the Marks or since the registration of the Marks relating to the Marks and any communications with the Patent and Trademark Office regarding the Marks.

**Request No. 33.**        All documents relating to or referencing your ownership of the Marks.

Response:        Plaintiff objects, as this information is as available to Defendants as it is to Plaintiff.  Without waiving this objection, see attached.

Grounds for Objection/Nonresponse:  See above.

Argument:        Claiming that the documents are equally available to Defendants is not a valid objection.  Defendants have the right to know exactly which documents Plaintiff will rely on.  In any case, despite stating that documents would be produced in response to this request, ***no documents were produced***.  Moreover, such documents are ***not*** as available to Defendants as to Plaintiff, as Plaintiffs have private documents purporting to transfer ownership of the trademarks as between the Plaintiffs, which haven't been produced.  In another case in this Court, Hydentra

HLP Int. Limited v. Constantin Luchian et al., Case No. 1:15-cv-22134-UU, Hydentra HLP Int. Limited produced a document purporting to show the assignment of trademark rights from the registrant listed on the Patent and Trademark Office's records (Hydentra, L.P. HLP General Partner, Inc.) to Hydentra HLP Int. Limited.

Specifically, Defendant requests all documents indicating which entity owns the Marks and any documents purporting to transfer the ownership of the Marks.

**Request No. 39.**       All documents setting forth the basis for each of the Plaintiff being a Plaintiff in this suit.

Response:       Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work product and/or protected by the attorney-client privilege. Additionally, the request seeks information protected as a trades secret and constitutes confidential commercial information. Without waiving this objection, see attached.

Grounds for Objection/Nonresponse: See above.

Argument:       First, despite stating that documents would be produced, ***no responsive documents were produced at all***, other that copyright registrations in the name of only one of the Plaintiffs. No documents with the names of the other Plaintiffs have been produced whatsoever. Furthermore, documents about the standing of the Plaintiffs cannot be reasonably considered trade secrets of confidential information. "To qualify as a trade secret, the information that the plaintiff seeks to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy." Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F. Supp. 2d 1271, 1291 (S.D. Fla.). Why a Plaintiff is a Plaintiff in a case cannot under any reasonable definition be considered a trade secret and Defendants would be unfairly prejudiced if Plaintiffs could file suit without showing why they were the parties entitled to relief. In any case, claims of confidentiality or trade secret are not an absolute privilege to discovery of relevant information. *See* Standard of Law, *supra*.

The allegations in the Complaint improperly lump Plaintiffs together and do not separate out which rights are owned by or being pursued by which Plaintiff. Plaintiff has not produced any trademark registrations or any other documentation whatsoever relating to trademark ownership. Moreover, in another case in this Court, Hydentra HLP Int. Limited v. Constantin Luchian et al., Case No. 1:15-cv-22134-UU, Hydentra HLP Int. Limited produced a document

purporting to show the assignment of trademark rights from the registrant listed on the Patent and Trademark Office's records (Hydentra, L.P. HLP General Partner, Inc.) to Hydentra HLP Int. Limited.  Defendants have a right to a clear and definitive answer indicating the identity of the rights owners.

Moreover, each copyright registration produced by Plaintiffs in this case lists the copyright owner as Hydentra HLP Int. Limited.  Therefore, if all trademarks and copyrights relevant to this lawsuit are in the name of Hydentra HLP Int. Limited, then there is a legitimate question as to what rights the other two named Plaintiffs, Hydentra, L.P. HLP General Partner, Inc. and Hydentra LP, own and whether they have standing to bring any of the claims asserted in the Complaint.

**Request No. 48.**      All documents and communications relating to your allegation in the Complaint that "Plaintiffs are the respective producer, distributor, and exclusive licensor of their own motion pictures."

Response:      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

Grounds for Objection/Nonresponse: See above.

Argument:      Despite stating that documents would be produced, *no responsive documents were produced at all*, other than copyright registrations in the name of only one of the Plaintiffs.  There must exist some other documents backing up these statements in the Complaint.  These documents are particularly relevant given that it is not clear which entity purportedly owns which of the rights being asserted in the Complaint.

**Request No. 49.**      All documents and communications relating to your allegation in the Complaint that "Plaintiffs' MetArt trademark and service mark have been continuously used in commerce since May 2002."

Response:      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

Grounds for Objection/Nonresponse: See above.

<u>Argument:</u>      Despite stating that documents would be produced, ***no responsive documents were produced at all***.

**Request No. 50.**      All documents and communications relating to your allegation in the Complaint that "Plaintiffs have expended considerable effort and expense in promoting their trademark and the goods sold under the trademark MetArt."

<u>Response:</u>      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

<u>Grounds for Objection/Nonresponse:</u> See above.

<u>Argument:</u>      Despite stating that documents would be produced, ***no responsive documents were produced at all***.

**Request No. 51.**      All documents and communications relating to your allegation in the Complaint that "the purchasing public has come to know, rely upon and recognize the mark MetArt as an international brand of high quality adult entertainment."

<u>Response:</u>      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

<u>Grounds for Objection/Nonresponse:</u> See above.

<u>Argument:</u>      Despite stating that documents would be produced, ***no responsive documents were produced at all***.

**Request No. 52.**      All documents and communications relating to your allegation in the Complaint that "Plaintiffs' SexArt trademark and service mark have been continuously used in commerce since April 2011."

<u>Response:</u>      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

<u>Grounds for Objection/Nonresponse:</u> See above.

<u>Argument:</u>      Despite stating that documents would be produced, ***no responsive documents were produced at all***.

**<u>Request No. 53.</u>**      All documents and communications relating to your allegation in the Complaint that "Plaintiffs have expended considerable effort and expense in promoting its trademark and the goods sold under the trademark SexArt."

<u>Response:</u>      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

<u>Grounds for Objection/Nonresponse:</u> See above.

<u>Argument:</u>      Despite stating that documents would be produced, ***no responsive documents were produced at all***.

**<u>Request No. 54.</u>**      All documents and communications relating to your allegation in the Complaint that "the purchasing public has come to know, rely upon and recognize the mark SexArt as an international brand of high quality adult entertainment."

<u>Response:</u>      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

<u>Grounds for Objection/Nonresponse:</u> See above.

<u>Argument:</u>      Despite stating that documents would be produced, ***no responsive documents were produced at all***.

**<u>Request No. 63.</u>**      All documents and communications relating to your allegation in the Complaint that "Defendants fail to implement a reasonable repeat infringer policy."

<u>Response:</u>      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

<u>Grounds for Objection/Nonresponse:</u> See above.

<u>Argument:</u>      Despite stating that documents would be produced, ***no responsive documents were produced at all***.

14

**Request No. 83.**      All documents and communications relating to your allegation in the Complaint that "Defendants actively uploaded … pirated copyrighted files."

Response:      Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.  Without waiving this objection, attached.

Grounds for Objection/Nonresponse: See above.

Argument:      Despite stating that documents would be produced, ***no responsive documents were produced at all***.

**Request No. 99.**      All documents and communications relating each and every model whose name, image or likeness you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

Response:      Plaintiff will not be moving forward on this claim.

Grounds for Objection/Nonresponse:  See above.

Argument:      Plaintiff did not validly object to this request, has not dismissed that claim and ***produced no responsive documents whatsoever***.  The requested documents are relevant to an outstanding claim against Defendants.

**Request No. 100.**      Every document that constitutes a release of each model's right and interest for their appearance for each model you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

Response:      Plaintiff will not be moving forward on this claim.

Grounds for Objection/Nonresponse:  See above.

Argument:      Plaintiff did not validly object to this request, has not dismissed that claim and ***produced no responsive documents whatsoever***.  The requested documents are relevant to an outstanding claim against Defendants.

**Request No. 101.**      Every document that constitutes an assignment of ownership of a model's rights and interest for their appearance for each model you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

Response:     Plaintiff will not be moving forward on this claim.

Grounds for Objection/Nonresponse:  See above.

Argument:     Plaintiff did not validly object to this request, has not dismissed that claim and ***produced no responsive documents whatsoever***.  The requested documents are relevant to an outstanding claim against Defendants.

**Request No. 102.**     All documents and communications relating to your allegation in the Complaint that "Defendants published, printed, displayed or otherwise used publicly images that depict numerous models that signed Plaintiffs' release agreement."

Response:     Plaintiff will not be moving forward on this claim.

Grounds for Objection/Nonresponse:  See above.

Argument:     Plaintiff did not validly object to this request, has not dismissed that claim and ***produced no responsive documents whatsoever***.  The requested documents are relevant to an outstanding claim against Defendants.

**Request No. 107.**     All documents relating to whether you suffered irreparable harm as a result of the actions and omissions you allege against Defendants in the Complaint.

Response:     See attached documentation of search engine results.

Grounds for Objection/Nonresponse:  See above.

Argument:     No search engine results were produced.

**Document Production was Noncompliant with Local Rules**

The documents that Plaintiffs did produce were not produced in accordance with Local Rule 26.1(e)(5): "The documents, electronically stored information, or things should be referenced to the specific paragraphs of a request for production where practicable, unless the producing party exercises its option under Federal Rule of Civil Procedure 34(b) to produce documents as they are kept in the usual course of business."  Plaintiffs produced documents and things in a Dropbox folder without any explanation as to which documents were being produced in response to which request for production.  Many documents weren't in any subfolders whatsoever.  Only two subfolders appeared to be directly geared to requests, being titled "12" and "Request 11."  Others had apparently irrelevant titles like "Vporn – Hydentra" or

"JULY92015 – SCREEGRABS."  All other documents were mixed with no classification, and certainly not classified with respect to any requests.

### III.     CONCLUSION

For the reasons stated hereinabove, Defendant's Motion to Compel should be allowed and an Order should issue compelling the Plaintiffs to produce complete document responses to Defendant's requests for production.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

I hereby certify that counsel for the movant has, in good faith, conferred with opposing counsel, but was unable to resolve the issues raised herein.  Specifically, movant's counsel provided the arguments set forth above to Plaintiffs' counsel and Plaintiffs' counsel stated that due to time constraints they could not review all of it but may supplement in the future.  If Plaintiffs do in fact supplement appropriately and fully, Defendant will appropriately withdraw the respective arguments.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com
*Attorney for IP Transit, Inc.*

Dated: June 13, 2016

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 13th day of June, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

### 1:16-cv-20191-RNS

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHAR BEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

18