HYDENTRA L.P. HLP GENERAL
PARTNER, INC., a foreign corporation, d/b/a
METART d/b/a SEXART;
HYDENTRA HLP INT. LIMITED, a foreign
corporation, d/b/a METART d/b/a SEXART;
and HYDENTRA LP, a foreign corporation,
d/b/a METART d/b/a SEXART,

    Plaintiffs,

v.

SIRACUSA MANAGEMENT S.A., a
Panamanian company, individually and d/b/a
VPORN.COM; ANTON TITOV, individually
and d/b/a VPORN.COM; IP TRANSIT, INC.;
and John Does 1-20,

    Defendants.

**Case No.**
**1:16-cv-20191-RNS**

## NOTICE OF SERVICE OF PLAINTIFF'S, HYDENTRA HLP INT. LIMITED, ANSWERS AND OBJECTIONS TO DEFENDANT'S, IP TRANSIT, INC., FIRST REQUEST FOR PRODUCTION

COME NOW, HYDENTRA HLP INT. LIMITED, by and through its undersigned counsel

and pursuant to Federal Rule of Civil Procedure 33, hereby gives notice of serving Plaintiff's

Responses and Objections to Defendant's, IP TRANSIT, INC., First Request for Production.

Respectfully submitted,

*/s/Aaron Behar, Esq.*
Aaron Behar, Esq.
Florida Bar No.: 166286
*/s/Jaclyn Ann Behar, Esq.*
Jaclyn Ann Behar, Esq.
Florida Bar No.: 063833
BeharBehar
1840 North Commerce Parkway
Suite 1
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 3323-9260
E-mail: ab@beharbehar.com
           jb@beharbehar.com
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2016, we served the foregoing electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq.

*/s/Aaron Behar, Esq.*
Aaron Behar, Esq.
*/s/Jaclyn Ann Behar, Esq.*
Jaclyn Ann Behar, Esq.

## PRELIMINARY STATEMENT AND GENERAL
## OBJECTIONS APPLICABLE TO ALL REQUESTS

1.     Plaintiff objects to Defendant's requests for production to the extent that they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the accountant-client privilege, constitutes confidential business information, trade secret information or any other applicable privilege or doctrine.

2.     Plaintiff objects to Defendant's requests for production to the extent they are vague, confusing, ambiguous, overbroad, and unduly burdensome and to the extent that they relate to matters not raised by the pleadings, on the grounds that they are neither relevant to the claims nor reasonably calculated to lead to the discovery of admissible evidence.

3.     Plaintiff's response to any request is not an admission, nor acknowledgement that the request calls for information that is relevant to the subject matter of this action.  Each response is without prejudice to Plaintiff's right to contend at trial, or in any other subsequent proceeding in this action, that such response to the request is inadmissible, irrelevant, and/or immaterial.  Each response is without prejudice to, and does not constitute waiver of, any objection Plaintiff may make to any future use of such response or documents.

4.     The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege with respect to that document or any other document or the subject matter of that or any other document. Similarly, the inadvertent production of any confidential (or trade secret) document shall not be deemed a waiver of that document's confidential (or trade secret) nature.  Such documents shall be returned to Plaintiff, without copying, immediately upon request or such discovery by the recipient of such document(s).

5.     A response that inspection will be permitted as requested to a specific request does not necessarily mean that documents will be provided.  Such a response means only that if documents

exist, and are within Plaintiff's possession, custody or control and can be located, they will be produced or made available for copying.

6. Plaintiff objects to all requests which would require reproduction of irrelevant, privileged or proprietary information, or requests that are not reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to all requests for production which seek documents that are public record and are available to Defendant in the ordinary course of business at the various entities where the public records are deposited or kept.

8. These general objections apply as and if appropriate, even if the responses herein indicate that the document will be produced or made available for copying.

9. Plaintiff objects to each of Defendant's requests to the extent that it calls for "all documents" as being vague, overbroad, and unduly burdensome. Read literally, the phrase "all documents" requires the production of enumerable, redundant and irrelevant documents. Defendant interprets the phrase "all documents" reasonably and will produce documents to the extent they exist and do not contain information which is proprietary or privileged, which are responsive to any particular request. To the extent Defendant expect the phrase "all documents" to be taken literally and as defined, then Plaintiff objects.

10. With respect to each of Defendant's Requests for Production, Plaintiff reserves the right to supplement such discovery as discovery progresses in the present action.

## Documents and Things to be Produced

**Request No. 1.** All documents and things identified in Plaintiffs' Initial Rule 26(a)(1) Disclosures in this litigation.

**Response: Plaintiff's disclosures reference general categories of documents it deems relevant and offered solely in response to Plaintiff's Rule 26 disclosure obligations. Defendant's document request seeking production of all documents as specifically referenced would result in the production of materials that may not be likely to lead to the discovery of admissible evidence, are overbroad, or that may be protected by the attorney client privilege or protected as work product.**

**Without waiving this objection, Plaintiff will produce all responsive documents in its possession, custody or control that would not otherwise be excluded from production pursuant to an objection raised herein.**

**Request No. 2.** All documents related to any witness identified in Plaintiffs' Initial Rule 26(a)(1) Disclosures in this litigation.

**Response: Plaintiff's disclosures references individuals who Plaintiffs believe have discoverable information as to the disputed facts. Defendant's discovery request seeks "all documents related to any witness". Such request is overbroad, vague and not likely to lead to the discovery of admissible evidence. The scope of Defendant's request would require the disclosure of virtually every single piece of paper that references either Jon Krogman or Jason Tucker, regardless of context or purpose.**

**Without waiving this objection, Plaintiffs will produce all responsive documents in its possession, custody or control that would not otherwise be excluded from production pursuant to an objection raised herein.**

**Request No. 3.** All documents related to the damages identified in Plaintiffs' Initial Rule 26(a)(1) Disclosures in this litigation.

**Response: None at this time.**

**Request No. 4.** All documents exchanged by and between you and Jason Tucker from January 1, 2010 to the present.

**Response: Plaintiff retained Jason Tucker as an investigator in this litigation. Plaintiff and Jason Tucker also communicate regarding other matters not the subject of this litigation. Defendant's request seeks discovery that is irrelevant to the case and would not lead to the discovery of admissible evidence. Additionally, the request is**

**objectionable to the extent it seeks materials protected as trade secret or as commercially sensitive information.**

**Without waiving this objection, Plaintiff will produce all responsive documents in its possession, custody or control that would not otherwise be excluded from production pursuant to an objection raised herein.**

**Request No. 5.**        All documents exchanged by and between you and any

representative of Battleship Stance LLC from January 1, 2010 to the present.

**Response: See Plaintiff's Response to Defendant's Request for Production No. 4. Jason Tucker is the owner of Battleship Stance LLC, and any objection regarding him applies to Battleship Stance, LLC as well.**

**Request No. 6.**        All documents constituting or relating to agreements between you

and Jason Tucker and/or Battleship Stance LLC.

**Response: See Plaintiff's Response to Defendant's Request for Production Nos. 4 and 5.**

**Request No. 7.**        All documents exchanged by and between you and Nate Glass from

January 1, 2010 to the present.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. Specifically, at this time Nate Glass has no involvement in this action.**

**Request No. 8.**        All documents exchanged by and between you and any

representative of Takedown Piracy from January 1, 2010 to the present.

**RESPONSE: Nate Glass is owner of Takedown Piracy. As such, see Plaintiff's objection to RFP #7.**

**Request No. 9.**        All documents constituting or relating to agreements between you

and Nate Glass and/or Takedown Piracy from January 1, 2010 to the present.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. Specifically, at this time Nate Glass has no involvement in this action.**

**Request No. 10.**        All documents related to Siracusa Management, S.A.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. As for the scope of this request, there is no timeframe or description of what the documents could relate to. "All documents related to Siracusa Management, S.A." could include practically anything.**

**Additionally, Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work protect and/or protected by the attorney-client privilege.**

**Without waiving this objection, see attached.**

**Request No. 11.** All documents related to Anton Titov.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. As for the scope of this request, there is no timeframe or description of what the documents could relate to. "All documents related to Anton Titov" could include practically anything.**

**Additionally, Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work product and/or protected by the attorney-client privilege.**

**Without waiving this objection, see attached.**

**Request No. 12.** All documents related to the vPorn Website.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. As for the scope of this request, there is no timeframe or description of what the documents could relate to. "All documents related to the vPorn Website" could include practically anything.**

**Additionally, Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work product and/or protected by the attorney-client privilege.**

**Without waiving this objection, see attached.**

**Request No. 13.** All documents related to your allegations in the Complaint that Defendant Anton Titov is individually liable for the causes of action alleged.

**Response: Plaintiff attaches documents in its possession, custody and control concerning the infringing acts of Anton Titov.**

**Investigations are still ongoing and Plaintiff will produce additional documents as they become available.**

**Request No. 14.**     All documents related to your allegations in the Complaint that Defendant IP Transit, Inc. is liable for the causes of action alleged.

**Response: See attached.**

**Request No. 15.**     All documents referencing or constituting notices of copyright infringement, including pursuant to 17 U.S.C. § 512, or cease and desist letters sent by you or on behalf of you, relating to or referencing Defendants and/or the vPorn Website.

**Response: See attached.**

**Request No. 16.**     All documents evidencing that you actually sent notices of copyright infringement to Defendants and/or related to the vPorn Website.

**Response: Attached. Investigations are still ongoing and Plaintiff maintains the right to update this response as more information becomes available.**

**Request No. 17.**     All documents evidencing that notices of copyright infringement that you sent to Defendants and/or related to the vPorn Website were actually received.

**Response: See attached.**

**Request No. 18.**     All documents referencing or constituting notices of copyright infringement, including pursuant to 17 U.S.C. § 512 and cease and desist letters, sent by or on behalf of you to any person.

**Response: See attached.**

**Request No. 19.**     All documents evidencing or referencing your association with Jason Tucker and/or Battleship Stance LLC, including any employment or independent contractor agreements.

**Response: Plaintiff retained Jason Tucker as an investigator in this litigation. Plaintiff and Jason Tucker also communicate regarding other matters not the subject of this litigation. There is no timeframe in Defendant's request or description of the type of documents requested. As such, Defendant's request seeks discovery that is irrelevant**

8

to the case and would not lead to the discovery of admissible evidence. In addition, to the extent Defendant seeks information that goes beyond the scope of Jason Tucker's services in this case, Plaintiff would object as all other materials are protected as trade secrets or confidential commercial information.

Without waiving this objection, Plaintiffs will produce all responsive documents in its possession, custody or control that would not otherwise be excluded from production pursuant to an objection raised herein.

**Request No. 20.** All documents evidencing payments from you to Jason Tucker and/or Battleship Stance LLC.

**Response: Plaintiff retained Jason Tucker as an investigator in this litigation. Plaintiff and Jason Tucker also communicate regarding other matters not the subject of this litigation. Importantly, there is no timeframe in Defendant's request or limitation as to the particular subject matters of the request. Additionally, to the extent Defendant seeks information that goes beyond the scope of Jason Tucker's services in this case, Plaintiff would object as all other materials are protected as trade secrets or confidential commercial information.**

**Request No. 21.** All communications between you and Jason Tucker and/or Battleship Stance LLC relating to or referencing Defendants, Defendants' business affiliates (including advertisers and advertising brokers), the vPorn Website or this litigation.

**Response: Plaintiff retained Jason Tucker as an investigator in this litigation. Plaintiff and Jason Tucker also communicate regarding other matters not the subject of this litigation. Importantly, there is no timeframe in Defendant's request or limitation as to the particular subject matters of the request. Additionally, to the extent Defendant seeks information that goes beyond the scope of Jason Tucker's services in this case, Plaintiff would object as all other materials are protected as trade secrets or confidential commercial information.**

**Request No. 22.** All documents evidencing or referencing your association with Nate Glass and/or Takedown Piracy, including any employment or independent contractor agreements.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. Specifically, Nate Glass has no involvement in this action.**

**Request No. 23.** All documents evidencing payments from you to Nate Glass and/or Takedown Piracy.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. Specifically, Nate Glass has no involvement in this action.**

**Request No. 24.**       All communications between you and Nate Glass and/or Takedown Piracy relating to or referencing Defendants, Defendants' business affiliates (including advertisers and advertising brokers), the vPorn Website or this litigation.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. Specifically, Nate Glass has no involvement in this action.**

**Request No. 25.**       All documents that constitute, refer to, or relate to your ability to monetize the Works and the marks, including through advertising revenue, subscriptions, sales, licensing or any other means.

**Response: Plaintiff's objects, as it is unclear what Defendant is seeking. "Ability to monetize the Works and the marks" could include anything. Additionally, this information is protected as confidential business information and/or trade secret information.**

**Request No. 26.**       All documents evidencing or referencing your marketing and sales of copies of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

**Response: Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work product and/or protected by the attorney-client privilege. Additionally, the request seeks information protected as a trade secret and constitutes confidential commercial information.**

**Without waiving this objection, see attached.**

**Request No. 27.**       All documents evidencing or referencing your licensing of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

**Response: Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work product and/or protected by the attorney-client privilege. Additionally, the request seeks information protected as a trade secret and constitutes confidential commercial information.**

**Without waiving this objection, see attached.**

**Request No. 28.** All communications between you and Defendants.

**Response: Plaintiff objects, as this information is as available to Defendants as it is to Plaintiffs. Moreover, there is no timeframe provided and therefore the request is overbroad. Without waiving and subject to said objection see attached.**

**Request No. 29.** All documents evidencing or referring to confusion, mistake or deception as to Defendants' affiliations, connection, or association with you, or as to the origin, sponsorship or approval of their goods or commercial activities.

**Response: See attached.**

**Request No. 30.** The copyright registration certificates for each of the Works.

**Response: Plaintiff objects, as this information is as available to Defendants as it is to Plaintiff.**

**Without waiving this objection, see attached.**

**Request No. 31.** The trademark registration certificates for each of the Marks.

**Response: Plaintiff objects, as this information is as available to Defendants as it is to Plaintiff.**

**Without waiving this objection, see attached.**

**Request No. 32.** All documents relating to or referencing the registration of each of the Marks.

**Response: Plaintiffs object on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. Specifically, all documents referencing registration of the marks could include practically all papers. Additionally, Plaintiffs' internal communications concerning registration of trademarks is not essential to Defendant's later violation of those trademarks, and therefore is not relevant to any issue in this action. The request would also require the production of communications between Plaintiffs and their counsel regarding the registrations.**

**Without waiving this objection, see attached.**

**Request No. 33.**    All documents relating to or referencing your ownership of the

Marks.

**Response: Plaintiff objects, as this information is as available to Defendants as it is to Plaintiff.**

**Without waiving this objection, Plaintiff will produce all responsive documents in its possession, custody or control.**

**Request No. 34.**    All documents relating to your efforts to prevent or limit the

unauthorized uploading, downloading or viewing of the Works on the Internet generally.

**Response: See attached DMCA notices.**

**Request No. 35.**    All documents relating to any other copyright and/or trademark

litigation initiated or threatened by you.

**Response: Plaintiff objects, as any reference or insinuation to the Plaintiff as a copyright "troll" is irrelevant. See *Intellectual Ventures I LLC v. Symantec Corporation, C.A.* 10-1067-LPS, Memorandum Order dated January 6, 2015. Similarly, any other litigation filed by the Plaintiff is irrelevant to this proceeding. Lastly, the request is overbroad, not limited in scope and harrassive. The request also seeks documents that constitute work product and/or are protected by the attorney/client privilege.**

**Request No. 36.**    All settlement agreements between you and any other person

relating to your allegations of copyright and/or trademark infringement.

**Response: See Plaintiffs' response to Defendant's Request for Production 35. Additionally, the information sought is confidential.**

**Request No. 37.**    All documents setting forth the relationship between each of the

Plaintiffs, including, without limitation, graphs of corporate structures, ownership documents and

corporate documents.

**Response: Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work product and/or protected by the attorney-client privilege. Additionally, the request seeks information protected as a trade secret and constitutes confidential commercial information.**

**Request No. 38.** All documents relating to any agreements between the Plaintiffs.

**Response: Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work product and/or protected by the attorney-client privilege. Additionally, the request seeks information protected as a trades secret and constitutes confidential commercial information.**

**Request No. 39.** All documents setting forth the basis for each of the Plaintiff being a Plaintiff in this suit.

**Response: Plaintiff objects to Defendant's request to the extent that it seeks disclosure of information that is work product and/or protected by the attorney-client privilege. Additionally, the request seeks information protected as a trades secret and constitutes confidential commercial information.**

**Without waiving this objection, see attached.**

**Request No. 40.** All documents and communications relating to your allegation in this Complaint that "Defendant Titov owns Siracusa Management and/or directs, controls, and/or assists in determining the content on Vporn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 41.** All documents and communications relating to your allegation in the Complaint that "IP Transit Inc. … provides Internet support services for Vporn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 42.** All documents and communications relating to your allegation in the Complaint that "Defendants contract with United States advertisers."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 43.**     All documents and communications relating to your allegation in the Complaint that "Defendants, by and/or through subsidiaries, contract with Florida based companies and individuals to deliver content for their web properties."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 44.**     All documents and communications relating to your allegation in the Complaint that "Defendants specifically target Internet users throughout the entire United States, including Florida."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 45.**     All documents and communications relating to your allegation in the Complaint that Plaintiffs operate the websites listed in paragraph 18 of the Complaint.

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, attached.**

**Request No. 46.**     All documents and communications relating to any relationship between you and ICF Technology, Inc.

**RESPONSE: Plaintiff objects, as this request requires the disclosure of confidential business information. Additionally, Plaintiff's business relationships, should the exist,**

**with entities or people not involved in this litigation and not involved with the product of its copyrighted works or protection of its copyrighted works is not likely to lead to the production of admissible evidence, as is unrelated to Plaintiff's causes of action against Defendants or Defendants affirmative defenses.**

**Request No. 47.** All documents and communications relating to your allegation in the

Complaint that "engages in extremely limited licensing of its content."

**Response: Plaintiff objects, as it is unclear what Defendant is seeking. Additionally, this information is protected as confidential business information and/or trade secret information.**

**Request No. 48.** All documents and communications relating to your allegation in the

Complaint that "Plaintiffs are the respective producer, distributor, and exclusive licensor of their

own motion pictures."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, attached.**

**Request No. 49.** All documents and communications relating to your allegation in the

Complaint that "Plaintiffs' MetArt trademark and service mark have been continuously used in

commerce since May 2002."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, attached.**

**Request No. 50.** All documents and communications relating to your allegation in the

Complaint that "Plaintiffs have expended considerable effort and expense in promoting their

trademark and the goods sold under the trademark MetArt."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, attached.**

**Request No. 51.**     All documents and communications relating to your allegation in the Complaint that "the purchasing public has come to know, rely upon and recognize the mark MetArt as an international brand of high quality adult entertainment."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, attached.**

**Request No. 52.**     All documents and communications relating to your allegation in the Complaint that "Plaintiffs' SexArt trademark and service mark have been continuously used in commerce since April 2011."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, attached.**

**Request No. 53.**     All documents and communications relating to your allegation in the Complaint that "Plaintiffs have expended considerable effort and expense in promoting its trademark and the goods sold under the trademark SexArt."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 54.**     All documents and communications relating to your allegation in the Complaint that "the purchasing public has come to know, rely upon and recognize the mark SexArt as an international brand of high quality adult entertainment."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 55.** All documents and communications relating to your allegation in the Complaint that "Anton Titov … directs, controls and/or assists in determining the content on VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 56.** All documents and communications relating to your allegation in the Complaint that "IP Transit, Inc. is a financial beneficiaries [sic] and/or operators [sic] of VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 57.** All documents and communications relating to your allegation in the Complaint that "IP Trasnsit, Inc. [sic] and/or its assigns direct, control, and/or assist in determining the content displayed on VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 58.**     All documents and communications relating to your allegation in the Complaint that "Defendants conduct business as VPorn.com, operate the website, and derive direct financial benefit through sales of advertising space on VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 59.**     All documents and communications relating to your allegation in the Complaint that the value of advertising space on VPorn.com "is directly attributed to the quality of videos posted on VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 60.**     All documents and communications relating to your allegation in the Complaint that "Defendants compete against Plaintiffs in the distribution, display, and sale of adults-only audio-visual works through Internet distribution."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 61.**     All documents and communications relating to your allegation in the Complaint that "Defendants … divert potential customers from Plaintiffs."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 62.** All documents and communications relating to your allegation in the Complaint that "Defendants fail to honor take down notices delivered to Constantin Luchian."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 63.** All documents and communications relating to your allegation in the Complaint that "Defendants fail to implement a reasonable repeat infringer policy."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 64.** All documents and communications relating to your allegation in the Complaint that "Defendants fail to qualify for safe harbor protections for copyright infringement liability under the Digital Millennium Copyright Act."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 65.** All documents and communications that relate to Defendants Does 1-20.

**Response: None, as these Does have not yet been identified.**

**Request No. 66.** All documents and communications relating to your allegation in the Complaint that "Defendants pay for traffic to be sent to VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 67.**      All documents and communications relating to your allegation in the Complaint that sharing functionality on the vPorn.com Website "makes it impossible to know how many times and where an unlicensed copyright video has been posted and displayed illegally."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 68.**      All documents and communications relating to your allegation in the Complaint that "Defendants specifically review and hand pick each video displayed on VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 69.**      All documents and communications relating to your allegation in the Complaint that "IP Transit, Inc. delivers Plaintiffs' copyrighted works from VPorn.com host servers to VPorn.com users/viewers."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 70.**      All documents and communications relating to your allegation in the Complaint that "IP Transit, Inc. has the capability and control to cease the display of any specific video on VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 71.**    All documents and communications relating to your allegation in the Complaint that "In or about June 2015, and for an unknown time before and up to and including the present, Defendants' website VPorn.com displayed Plaintiffs' 29 copyright registered works over 36 separate and distinct URLs – each a part of VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see the attached DMCA notices and screenshots.**

**Request No. 72.**    All documents and communications relating to your allegation in the Complaint that "On or about June 23, 2015, DMCA compliant take-down notices were delivered to the DMCA Agent appointed for Siracusa Management and/or VPorn.com."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see the attached DMCA notices.**

**Request No. 73.**    All documents and communications relating to your allegation in the Complaint that "As of the date of this filing, all copyright registered works are actively displayed on the 36 links that were subject to the July DMCA Notices."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 74.**    All documents and communications relating to your allegation in the Complaint that "The owner and operators of VPorn.com ignored the take-down notices."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 75.**     All documents and communications relating to your allegation in the Complaint that "On or about June 19, 2015, DMCA compliant take-down notices were delivered to the DMCA Agent appointed for IP Transit, Inc."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 76.**     All documents and communications relating to your allegation in the Complaint that "As of the date of this filing, all copyright registered works are actively displayed on the 36 links that were subject to the July DMCA Notices."

**Response: See Plaintiff's response to Defendant's RFP 73.**

**Request No. 77.**     All documents and communications relating to your allegation in the Complaint that "IP Transit, Inc. ignored the take-down notices."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 78.**     All documents and communications relating to your allegation in the Complaint that "Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on VPorn.com and further knew or should have known their acts constituted copyright infringement."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 79.**     All documents and communications relating to your allegation in the

Complaint that "Defendants made no attempt to discover the copyright owners of the pirated works

before exploiting them."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 80.**     All documents and communications relating to your allegation in the

Complaint that "Defendants failed and refused to take any reasonable measure to determine the

owner or license holder of the copyrighted works."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 81.**     All documents and communications relating to your allegation in the

Complaint that "Defendants engaged in intentional, knowing, negligent, or willfully blind conduct

sufficient to demonstrate they engaged actively in the improper collection and distribution of

Plaintiffs' copyrighted works."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 82.** All documents and communications relating to your allegation in the Complaint that "The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 83.** All documents and communications relating to your allegation in the Complaint that "Defendants actively uploaded … pirated copyrighted files."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 84.** All documents and communications relating to your allegation in the Complaint that Defendants enabled "users of VPorn.com to view copyrighted videos and images for a fee."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 85.** All documents and communications relating to your allegation in the Complaint that "Defendants never implemented or enforced a 'repeat infringer' policy."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 86.**     All documents and communications relating to your allegation in the Complaint that "Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 87.**     All documents and communications relating to your allegation in the Complaint that "Defendants, through VPorn.com, affirmatively and willfully accommodated Internet traffic generated by the illegal acts."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 88.**     All documents and communications relating to your allegation in the Complaint that "Defendants conduct was willful within the meaning of 17 U.S.C. § 101, *et seq.*"

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 89.**     All documents and communications relating to your allegation in the Complaint that "Defendants acted with willful blindness and reckless disregard of Plaintiffs' registered copyrights."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 90.**    All documents and communications relating to your allegation in the Complaint that "Plaintiffs suffer and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 91.**    All documents and communications relating to your allegation in the Complaint that "Defendants contributed to the infringing acts of" individuals who directly infringed Plaintiffs copyrighted works.

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 92.**    All documents and communications relating to your allegation in the Complaint that "Defendants were aware, should have been aware, or were willfully blind to the infringing activity."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 93.**    All documents and communications relating to your allegation in the Complaint that "Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' website without regard to copyright ownership."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 94.**        All documents and communications relating to your allegation in the

Complaint that "Defendants had the ability and obligation to control and stop the infringements."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 95.**        All documents and communications relating to your allegation in the

Complaint that Defendants failed to control and stop the infringements.

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 96.**        All documents and communications relating to your allegation in the

Complaint that Defendants knowingly induced the direct infringement of Plaintiffs' copyrighted

works.

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 97.**        All documents and communications relating to your allegation in the

Complaint that "Defendants received direct financial benefits from the infringements."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 98.**     All documents and communications relating to your allegation in the Complaint that "Defendants have encouraged the illegal uploading and downloading of Plaintiffs' copyrighted works."

> **Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

> **Without waiving this objection, see attached.**

**Request No. 99.**     All documents and communications relating each and every model whose name, image or likeness you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

> **RESPONSE:  Plaintiff will not be moving forward on this claim.**

**Request No. 100.**     Every document that constitutes a release of each model's right and interest for their appearance for each model you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

> **RESPONSE:  Plaintiff will not be moving forward on this claim.**

**Request No. 101.**     Every document that constitutes an assignment of ownership of a model's rights and interest for their appearance for each model you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

> **RESPONSE:  Plaintiff will not be moving forward on this claim.**

**Request No. 102.**     All documents and communications relating to your allegation in the Complaint that "Defendants published, printed, displayed or otherwise used publicly images that depict numerous models that signed Plaintiffs' release agreement."

> **RESPONSE:  Plaintiff will not be moving forward on this claim.**

**Request No. 103.** All documents and communications relating to your allegation in the Complaint that "Defendants' websites commercially exploit Plaintiffs' images with the Plaintiff's knowledge or consent."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 104.** All documents and communications relating to your allegation in the Complaint that "Defendants gained pecuniary benefit from the unauthorized use of Plaintiffs' name, images and likeness."

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving this objection, see attached.**

**Request No. 105.** All documents and communications relating to your allegation that Defendants have violated Florida Statute §540.08.

**RESPONSE:  Plaintiff will not be moving forward on this claim.**

**Request No. 106.** All documents relating to whether you considered whether the individuals posting to the vPorn Website were entitled to do so under the doctrine of fair use.

**Response: Plaintiff objects as its "consideration" of "fair use" after the infringement occurred is protected as work product.**

**Request No. 107.** All documents relating to whether you suffered irreparable harm as a result of the actions and omissions you allege against Defendants in the Complaint.

**Response: See Attached documentation of search engine results.**

**Request No. 108.** All documents relating to you mitigating the damage you allege you have suffered as a result of the actions and omissions you alleged against Defendants in the Complaint.

**Response: See attached DMCA notices.**

**Request No. 109.** All documents relating to when you first discovered the allegedly infringing materials on the vPorn Website.

**Response: See attached.**

**Request No. 110.** Every communication between you, on the one hand, and any other person, on the other, concerning or regarding your offer to purchase any website or other assets or securities owned by a person whom you have sued or against whom you have threatened suit.

**Response: Plaintiff objects on the basis that this request is vague, overbroad and not likely to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to Plaintiff's request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine and/or constitutes confidential business information, trade secret information or any other applicable privilege or doctrine.**

**Specifically, all past potential litigation and the results of the same is irrelevant to the proceedings and protected as trade secret and/or confidential business information. Certain terms of any such transaction could also be confidential in nature.**

**Request No. 111.** All documents that you reviewed in preparing your answers to all Interrogatories served in this matter.

**Response: Plaintiff objects to the extent these documents violate the work product doctrine or attorney client privilege. Without waiving said objection, see attached.**

**Request No. 112.** The resume of any expert witness you have retained or consulted with in connection with this litigation, whether or not you expect to call him at a trial of this matter.

**Response: Rule 26(b)(4)(B) provides that a party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule**

**35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. As such, Plaintiff objects to this request.**

**Request No. 113.** The resume of any expert witness you have retained or consulted with in connection with this case, whether or not you expect to call him at a trial of this matter.

**Response: A Rule 26(b)(4)(B) provides that a party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. As such, Plaintiff objects to this request.**

**Request No. 114.** Any and all documents and tangible things, including all tangible reports, physical matter, compilation of data, or other material, prepared by an expert or for an expert in anticipation of the expert's trial or deposition testimony or consultation.

**Response: See generally documents attached hereto and information disclosures in Rule 26 Disclosures.**

**Request No. 115.** Documents sufficient to identify the names, addresses, titles, email addresses and telephone numbers of all persons having personal knowledge of any of the allegations in the pleadings and/or the subject matter of this litigation.

**Response: See generally documents attached hereto and information disclosures in Rule 26 Disclosures.**

**Request No. 116.** All documents you intend to offer into evidence in this litigation.

**Response: Plaintiff has not determined which documents it will offer into evidence, and will provide such information to Defendants in compliance with a Trial Order mandating the same.**

**Request No. 117.** All documents provided to, provided by or created by any and all experts consulted by you in connection with this litigation, whether or not such expert is expected to testify at trial.

**Response: None at this time.**

**Request No. 118.**      All documents and communications which constitute, concern, evidence, refute, refer or relate to any claim made by you in your Complaint.

**Response: Plaintiff objects, as "communications" could entail potentially anything, including communications protected by work product and the attorney client privilege.**

**Without waiving said objection, see attached.**

**Request No. 119.**      All documents and communications which you intend or expect to introduce as evidence in this litigation, including at any deposition, hearing or at trial.

**Response: Plaintiff has not determined which documents it will offer into evidence, and will provide such information to Defendants in compliance with a Trial Order mandating the same.**

**Request No. 120.**      To the extent not already requested above, all documents identified, referred to, cited to, quoted from, incorporated by reference, relied upon in, or otherwise forming the basis of any part of your pleadings, motion papers, or other papers filed to date in this litigation.

**Response: Plaintiff objects, as the request is vague, ambiguous and not limited in time or scope.**

**Request No. 121.**      To the extent not otherwise requested above, all additional documents relevant to the claims at issue in this litigation, including all documents that you intend to rely upon in support of or in defense to any claims or affirmative defenses asserted in this action.

**Response: Plaintiff objects, as the request is vague, ambiguous and not limited in time or scope.**