UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA L.P. HLP GENERAL PARTNER, INC., a foreign corporation, d/b/a METART d/b/a SEXART; HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART d/b/a SEXART; and HYDENTRA LP, a foreign corporation, d/b/a METART d/b/a SEXART,<br><br>    Plaintiffs,<br><br>v.<br><br>SIRACUSA MANAGEMENT S.A., a Panamanian company, individually and d/b/a VPORN.COM; ANTON TITOV, individually and d/b/a VPORN.COM; IP TRANSIT, INC.; and John Does 1-20,<br><br>    Defendants. | Case No.<br>1:16-cv-20191-RNS |

**DEFENDANT IP TRANSIT, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF HYDENTRA LP**

Defendant IP Transit, Inc., by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby propounds the following First Request for Production of Documents to Plaintiff Hydentra LP, to produce and make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein that are in Plaintiff's possession, custody or control or in the possession, custody or control of its agents or attorneys.  Plaintiff is requested to make such production within thirty (30) days from the date of service at the law offices of the undersigned counsel.

1

## Definitions and Instructions

(1) The term "you" and "your" and "Hydentra" means the Plaintiff Hydentra LP, including its attorneys, agents, and all other persons acting or purporting to act on their behalf.

(2) The term "Plaintiffs" means all the Plaintiffs in this action, including their attorneys, agents, assigns, and all other persons acting or purporting to act on their behalf.

(3) The term "IPT" means the Defendant IP Transit, Inc., including its attorneys, agents, and all other persons acting or purporting to act on their behalf.

(4) The term "Defendants" means all of the Defendants in this action, including their attorneys, agents and all other persons acting or purporting to act on their behalf.

(5) The term "vPorn Website" means the website at vporn.com.

(6) The term "Works" means all the copyrighted works that Plaintiffs have alleged Defendants have infringed (in any manner) in this litigation.

(7) The term "Marks" means all the trademarks, service marks, trade dresses or other designations of origin or marks that Plaintiffs have alleged Defendants have infringed (in any manner) in this litigation.

(8) The term "Evidence" or "Evidencing" means tending to show, in any probative manner, the existence or non-existence of any matter.

(9) The term "Communication" means any statement or utterance, whether written or oral, made by on person to another, or in the presence of another, or any document delivered or sent from one person to another.

(10) The term "Relating to" means consisting of, referring to, reflecting or in any way logically or factually connected with the matter discussed. A document "relating to" a given

subject is any document identifying, showing, referring to, dealing with evidencing, commenting upon, having as a subject, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject, including without limitation, documents referring to the presentation of other documents.

(11)     "Or" shall mean and/or;

(12)     The term "documents" means all writings of any kind, including the originals and all identical copies, whether different from the original by reasons of any notation made on such copies or otherwise including, without limitation, e-mails, letters, text messages, social media messages, correspondence, memoranda, notes, diaries, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets (and all drafts, alternations, modifications, changes and amendments of any of the foregoing).

(13)     The term "all documents" means every document as above defined known to you and every such document, which can be located or discovered by reasonably diligent efforts, whether in electronic format or in physical format.

(14)     The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of natural persons.

(15)     When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

(16) With respect to each document or thing which is withheld, whether under claim of privilege, work product, or otherwise, provide the following information with sufficient particularity to allow Defendant to evaluate the claim of privilege:

    (i) the date, identity and general subject matter of the document or thing, and the grounds asserted in support of the failure to produce the document or thing;

    (ii) the identity of each person (other than stenographic or clerical assistants) participating in the preparation of the document or thing;

    (iii) the identity of each person to whom the contents of the document or thing was communicated orally, by copy, by distribution, reading or substantial summarization;

    (iv) a description of any document or other material transmitted with or attached to the document or thing;

    (v) the number of pages in the document;

    (vi) the particular Request(s) (and subpart(s)) to which the document or thing is responsive; and

    (vii) whether any business or non-legal matter is contained or discussed in the document or thing.

(17) With respect to each document or thing which has been lost or destroyed since its preparation or receipt, identify the thing or document, state the particular request or requests to which it would otherwise be responsive, and set forth in detail the circumstances of the loss or destruction thereof.

(18) If you object to responding to only part of a Request, specify the part to which you object and respond to the remainder.

(19) These requests are continuing and you are requested to promptly supplement the

4

documents produced and/or objections made if you obtain additional information or documents requested.

## Documents and Things to be Produced

**Request No. 1.** All documents and things identified in Plaintiffs' Initial Rule 26(a)(1) Disclosures in this litigation.

**Request No. 2.** All documents related to any witness identified in Plaintiffs' Initial Rule 26(a)(1) Disclosures in this litigation.

**Request No. 3.** All documents related to the damages identified in Plaintiffs' Initial Rule 26(a)(1) Disclosures in this litigation.

**Request No. 4.** All documents exchanged by and between you and Jason Tucker from January 1, 2010 to the present.

**Request No. 5.** All documents exchanged by and between you and any representative of Battleship Stance LLC from January 1, 2010 to the present.

**Request No. 6.** All documents constituting or relating to agreements between you and Jason Tucker and/or Battleship Stance LLC.

**Request No. 7.** All documents exchanged by and between you and Nate Glass from January 1, 2010 to the present.

**Request No. 8.** All documents exchanged by and between you and any representative of Takedown Piracy from January 1, 2010 to the present.

**Request No. 9.** All documents constituting or relating to agreements between you and Nate Glass and/or Takedown Piracy from January 1, 2010 to the present.

**Request No. 10.** All documents related to Siracusa Management, S.A.

**Request No. 11.** All documents related to Anton Titov.

**Request No. 12.**   All documents related to the vPorn Website.

**Request No. 13.**   All documents related to your allegations in the Complaint that Defendant Anton Titov is individually liable for the causes of action alleged.

**Request No. 14.**   All documents related to your allegations in the Complaint that Defendant IP Transit, Inc. is liable for the causes of action alleged.

**Request No. 15.**   All documents referencing or constituting notices of copyright infringement, including pursuant to 17 U.S.C. § 512, or cease and desist letters sent by you or on behalf of you, relating to or referencing Defendants and/or the vPorn Website.

**Request No. 16.**   All documents evidencing that you actually sent notices of copyright infringement to Defendants and/or related to the vPorn Website.

**Request No. 17.**   All documents evidencing that notices of copyright infringement that you sent to Defendants and/or related to the vPorn Website were actually received.

**Request No. 18.**   All documents referencing or constituting notices of copyright infringement, including pursuant to 17 U.S.C. § 512 and cease and desist letters, sent by or on behalf of you to any person.

**Request No. 19.**   All documents evidencing or referencing your association with Jason Tucker and/or Battleship Stance LLC, including any employment or independent contractor agreements.

**Request No. 20.**   All documents evidencing payments from you to Jason Tucker and/or Battleship Stance LLC.

**Request No. 21.**   All communications between you and Jason Tucker and/or Battleship Stance LLC relating to or referencing Defendants, Defendants' business affiliates (including advertisers and advertising brokers), the vPorn Website or this litigation.

**Request No. 22.** All documents evidencing or referencing your association with Nate Glass and/or Takedown Piracy, including any employment or independent contractor agreements.

**Request No. 23.** All documents evidencing payments from you to Nate Glass and/or Takedown Piracy.

**Request No. 24.** All communications between you and Nate Glass and/or Takedown Piracy relating to or referencing Defendants, Defendants' business affiliates (including advertisers and advertising brokers), the vPorn Website or this litigation

**Request No. 25.** All documents that constitute, refer to, or relate to your ability to monetize the Works and the marks, including through advertising revenue, subscriptions, sales, licensing or any other means.

**Request No. 26.** All documents evidencing or referencing your marketing and sales of copies of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

**Request No. 27.** All documents evidencing or referencing your licensing of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

**Request No. 28.** All communications between you and Defendants.

**Request No. 29.** All documents evidencing or referring to confusion, mistake or deception as to Defendants' affiliations, connection, or association with you, or as to the origin, sponsorship or approval of their goods or commercial activities.

**Request No. 30.** The copyright registration certificates for each of the Works.

**Request No. 31.** The trademark registration certificates for each of the Marks.

**Request No. 32.** All documents relating to or referencing the registration of each of the Marks.

**Request No. 33.** All documents relating to or referencing your ownership of the Marks.

**Request No. 34.** All documents relating to your efforts to prevent or limit the unauthorized uploading, downloading or viewing of the Works on the Internet generally.

**Request No. 35.** All documents relating to any other copyright and/or trademark litigation initiated or threatened by you.

**Request No. 36.** All settlement agreements between you and any other person relating to your allegations of copyright and/or trademark infringement.

**Request No. 37.** All documents setting forth the relationship between each of the Plaintiffs, including, without limitation, graphs of corporate structures, ownership documents and corporate documents.

**Request No. 38.** All documents relating to any agreements between the Plaintiffs.

**Request No. 39.** All documents setting forth the basis for each of the Plaintiff being a Plaintiff in this suit.

**Request No. 40.** All documents and communications relating to your allegation in this Complaint that "Defendant Titov owns Siracusa Management and/or directs, controls, and/or assists in determining the content on Vporn.com."

**Request No. 41.** All documents and communications relating to your allegation in the Complaint that "IP Transit Inc. … provides Internet support services for Vporn.com."

**Request No. 42.** All documents and communications relating to your allegation in the Complaint that "Defendants contract with United States advertisers."

**Request No. 43.** All documents and communications relating to your allegation in the Complaint that "Defendants, by and/or through subsidiaries, contract with Florida based companies and individuals to deliver content for their web properties."

**Request No. 44.** All documents and communications relating to your allegation in the Complaint that "Defendants specifically target Internet users throughout the entire United States, including Florida."

**Request No. 45.** All documents and communications relating to your allegation in the Complaint that Plaintiffs operate the websites listed in paragraph 18 of the Complaint.

**Request No. 46.** All documents and communications relating to any relationship between you and ICF Technology, Inc.

**Request No. 47.** All documents and communications relating to your allegation in the Complaint that "engages in extremely limited licensing of its content."

**Request No. 48.** All documents and communications relating to your allegation in the Complaint that "Plaintiffs are the respective producer, distributor, and exclusive licensor of their own motion pictures."

**Request No. 49.** All documents and communications relating to your allegation in the Complaint that "Plaintiffs' MetArt trademark and service mark have been continuously used in commerce since May 2002."

**Request No. 50.** All documents and communications relating to your allegation in the Complaint that "Plaintiffs have expended considerable effort and expense in promoting their trademark and the goods sold under the trademark MetArt."

**Request No. 51.**     All documents and communications relating to your allegation in the Complaint that "the purchasing public has come to know, rely upon and recognize the mark MetArt as an international brand of high quality adult entertainment."

**Request No. 52.**     All documents and communications relating to your allegation in the Complaint that "Plaintiffs' SexArt trademark and service mark have been continuously used in commerce since April 2011."

**Request No. 53.**     All documents and communications relating to your allegation in the Complaint that "Plaintiffs have expended considerable effort and expense in promoting its trademark and the goods sold under the trademark SexArt."

**Request No. 54.**     All documents and communications relating to your allegation in the Complaint that "the purchasing public has come to know, rely upon and recognize the mark SexArt as an international brand of high quality adult entertainment."

**Request No. 55.**     All documents and communications relating to your allegation in the Complaint that "Anton Titov … directs, controls and/or assists in determining the content on VPorn.com."

**Request No. 56.**     All documents and communications relating to your allegation in the Complaint that "IP Transit, Inc. is a financial beneficiaries [sic] and/or operators [sic] of VPorn.com."

**Request No. 57.**     All documents and communications relating to your allegation in the Complaint that "IP Trasnsit, Inc. [sic] and/or its assigns direct, control, and/or assist in determining the content displayed on VPorn.com."

**Request No. 58.** All documents and communications relating to your allegation in the Complaint that "Defendants conduct business as VPorn.com, operate the website, and derive direct financial benefit through sales of advertising space on VPorn.com."

**Request No. 59.** All documents and communications relating to your allegation in the Complaint that the value of advertising space on VPorn.com "is directly attributed to the quality of videos posted on VPorn.com."

**Request No. 60.** All documents and communications relating to your allegation in the Complaint that "Defendants compete against Plaintiffs in the distribution, display, and sale of adults-only audio-vidual works through Internet distribution."

**Request No. 61.** All documents and communications relating to your allegation in the Complaint that "Defendants … divert potential customers from Plaintiffs."

**Request No. 62.** All documents and communications relating to your allegation in the Complaint that "Defendants fail to honor take down notices delivered to Constantin Luchian."

**Request No. 63.** All documents and communications relating to your allegation in the Complaint that "Defendants fail to implement a reasonable repeat infringer policy."

**Request No. 64.** All documents and communications relating to your allegation in the Complaint that "Defendants fail to qualify for safe harbor protections for copyright infringement liability under the Digital Millennium Copyright Act."

**Request No. 65.** All documents and communications that relate to Defendants Does 1-20.

**Request No. 66.** All documents and communications relating to your allegation in the Complaint that "Defendants pay for traffic to be sent to VPorn.com."

**Request No. 67.** All documents and communications relating to your allegation in the Complaint that sharing functionality on the vPorn.com Website "makes it impossible to know how many times and where an unlicensed copyright video has been posted and displayed illegally."

**Request No. 68.** All documents and communications relating to your allegation in the Complaint that "Defendants specifically review and hand pick each video displayed on VPorn.com."

**Request No. 69.** All documents and communications relating to your allegation in the Complaint that "IP Transit, Inc. delivers Plaintiffs' copyrighted works from VPorn.com host servers to VPorn.com users/viewers."

**Request No. 70.** All documents and communications relating to your allegation in the Complaint that "IP Transit, Inc. has the capability and control to cease the display of any specific video on VPorn.com."

**Request No. 71.** All documents and communications relating to your allegation in the Complaint that "In or about June 2015, and for an unknown time before and up to and including the present, Defendants' website VPorn.com displayed Plaintiffs' 29 copyright registered works over 36 separate and distinct URLs – each a part of VPorn.com."

**Request No. 72.** All documents and communications relating to your allegation in the Complaint that "On or about June 23, 2015, DMCA compliant take-down notices were delivered to the DMCA Agent appointed for Siracusa Management and/or VPorn.com."

**Request No. 73.** All documents and communications relating to your allegation in the Complaint that "As of the date of this filing, all copyright registered works are actively displayed on the 36 links that were subject to the July DMCA Notices."

**Request No. 74.**	All documents and communications relating to your allegation in the Complaint that "The owner and operators of VPorn.com ignored the take-down notices."

**Request No. 75.**	All documents and communications relating to your allegation in the Complaint that "On or about June 19, 2015, DMCA compliant take-down notices were delivered to the DMCA Agent appointed for IP Transit, Inc."

**Request No. 76.**	All documents and communications relating to your allegation in the Complaint that "As of the date of this filing, all copyright registered works are actively displayed on the 36 links that were subject to the July DMCA Notices."

**Request No. 77.**	All documents and communications relating to your allegation in the Complaint that "IP Transit, Inc. ignored the take-down notices."

**Request No. 78.**	All documents and communications relating to your allegation in the Complaint that "Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on VPorn.com and further knew or should have known their acts constituted copyright infringement."

**Request No. 79.**	All documents and communications relating to your allegation in the Complaint that "Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them."

**Request No. 80.**	All documents and communications relating to your allegation in the Complaint that "Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works."

**Request No. 81.**	All documents and communications relating to your allegation in the Complaint that "Defendants engaged in intentional, knowing, negligent, or willfully blind

conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works."

**Request No. 82.** All documents and communications relating to your allegation in the Complaint that "The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue."

**Request No. 83.** All documents and communications relating to your allegation in the Complaint that "Defendants actively uploaded … pirated copyrighted files."

**Request No. 84.** All documents and communications relating to your allegation in the Complaint that Defendants enabled "users of VPorn.com to view copyrighted videos and images for a fee."

**Request No. 85.** All documents and communications relating to your allegation in the Complaint that "Defendants never implemented or enforced a 'repeat infringer' policy."

**Request No. 86.** All documents and communications relating to your allegation in the Complaint that "Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites."

**Request No. 87.** All documents and communications relating to your allegation in the Complaint that "Defendants, through VPorn.com, affirmatively and willfully accommodated Internet traffic generated by the illegal acts."

**Request No. 88.** All documents and communications relating to your allegation in the Complaint that "Defendants conduct was willfull within the meaning of 17 U.S.C. § 101, *et seq*."

**Request No. 89.** All documents and communications relating to your allegation in the Complaint that "Defendants acted with willful blindness and reckless disregard of Plaintiffs' registered copyrights."

**Request No. 90.** All documents and communications relating to your allegation in the Complaint that "Plaintiffs suffer and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill."

**Request No. 91.** All documents and communications relating to your allegation in the Complaint that "Defendants contributed to the infringing acts of" individuals who directly infringed Plaintiffs copyrighted works.

**Request No. 92.** All documents and communications relating to your allegation in the Complaint that "Defendants were aware, should have been aware, or were willfully blind to the infringing activity."

**Request No. 93.** All documents and communications relating to your allegation in the Complaint that "Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' website without regard to copyright ownership."

**Request No. 94.** All documents and communications relating to your allegation in the Complaint that "Defendants had the ability and obligation to control and stop the infringements."

**Request No. 95.** All documents and communications relating to your allegation in the Complaint that Defendants failed to control and stop the infringements.

**Request No. 96.** All documents and communications relating to your allegation in the Complaint that Defendants knowingly induced the direct infringement of Plaintiffs' copyrighted works.

**Request No. 97.** All documents and communications relating to your allegation in the Complaint that "Defendants received direct financial benefits from the infringements."

**Request No. 98.** All documents and communications relating to your allegation in the Complaint that "Defendants have encouraged the illegal uploading and downloading of Plaintiffs' copyrighted works."

**Request No. 99.** All documents and communications relating each and every model whose name, image or likeness you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

**Request No. 100.** Every document that constitutes a release of each model's right and interest for their appearance for each model you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

**Request No. 101.** Every document that constitutes an assignment of ownership of a model's rights and interest for their appearance for each model you allege Defendants used in violation of Section 540.08 of the Florida Statutes.

**Request No. 102.** All documents and communications relating to your allegation in the Complaint that "Defendants published, printed, displayed or otherwise used publicly images that depict numerous models that signed Plaintiffs' release agreement."

**Request No. 103.** All documents and communications relating to your allegation in the Complaint that "Defendants' websites commercially exploit Plaintiffs' images with the Plaintiff's knowledge or consent."

**Request No. 104.** All documents and communications relating to your allegation in the Complaint that "Defendants gained pecuniary benefit from the unauthorized use of Plaintiffs' name, images and likeness."

**Request No. 105.** All documents and communications relating to your allegation that Defendants have violated Florida Statute §540.08.

**Request No. 106.** All documents relating to whether you considered whether the individuals posting to the vPorn Website were entitled to do so under the doctrine of fair use.

**Request No. 107.** All documents relating to whether you suffered irreparable harm as a result of the actions and omissions you allege against Defendants in the Complaint.

**Request No. 108.** All documents relating to you mitigating the damage you allege you have suffered as a result of the actions and omissions you alleged against Defendants in the Complaint.

**Request No. 109.** All documents relating to when you first discovered the allegedly infringing materials on the vPorn Website.

**Request No. 110.** Every communication between you, on the one hand, and any other person, on the other, concerning or regarding your offer to purchase any website or other assets or securities owned by a person whom you have sued or against whom you have threatened suit.

**Request No. 111.** All documents that you reviewed in preparing your answers to all Interrogatories served in this matter.

**Request No. 112.** The resume of any expert witness you have retained or consulted with in connection with this litigation, whether or not you expect to call him at a trial of this matter.

**Request No. 113.** The resume of any expert witness you have retained or consulted with in connection with this case, whether or not you expect to call him at a trial of this matter.

**Request No. 114.** Any and all documents and tangible things, including all tangible reports, physical matter, compilation of data, or other material, prepared by an expert or for an expert in anticipation of the expert's trial or deposition testimony or consultation.

**Request No. 115.** Documents sufficient to identify the names, addresses, titles, email addresses and telephone numbers of all persons having personal knowledge of any of the allegations in the pleadings and/or the subject matter of this litigation.

**Request No. 116.** All documents you intend to offer into evidence in this litigation.

**Request No. 117.** All documents provided to, provided by or created by any and all experts consulted by you in connection with this litigation, whether or not such expert is expected to testify at trial.

**Request No. 118.** All documents and communications which constitute, concern, evidence, refute, refer or relate to any claim made by you in your Complaint.

**Request No. 119.** All documents and communications which you intend or expect to introduce as evidence in this litigation, including at any deposition, hearing or at trial.

**Request No. 120.** To the extent not already requested above, all documents identified, referred to, cited to, quoted from, incorporated by reference, relied upon in, or otherwise forming the basis of any part of your pleadings, motion papers, or other papers filed to date in this litigation.

**Request No. 121.** To the extent not otherwise requested above, all additional documents relevant to the claims at issue in this litigation, including all documents that you

intend to rely upon in support of or in defense to any claims or affirmative defenses asserted in this action.

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorney for Defendant*
*IP Transit, Inc.*

Dated: April 11, 2016

## CERTIFICATE OF SERVICE

    **I hereby certify** that a true and correct copy of the foregoing was served electronically via email on all counsel or parties of record on the service list below this 11th day of April, 2016.

                                                /s/ Brady J. Cobb, Esq.
                                                Brady J. Cobb, Esq.

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com